UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREG W. STAKEY,                    CASE NO. 2:05-cv-598-FtM-99DNF

    Plaintiff,

v.

AMY STANFORD, individually,
DANIEL SALLS, individually, and
DON HUNTER, as SHERIFF OF
COLLIER COUNTY, Florida,

    Defendants.
_____/

## DEFENDANT SHERIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT III ONLY (AND MEMORANDUM OF LAW)

The Defendant, DON HUNTER, as Sheriff of Collier County, Florida, by and through undersigned counsel, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, files this his Motion for Summary Judgment as to Count III only (and Memorandum of Law), and as grounds therefore would state as follows:

The Plaintiff has filed a six count Amended Complaint. The Defendants have filed a joint Answer and Defenses. The Defendant Sheriff specifically denied the allegation as to Count III of the Amended Complaint. Count III of the Plaintiff's Amended Complaint is titled as follows:

"Count III Plaintiff's Custom, Policy and Practice Claim against Defendant Don Hunter, as Sheriff of Collier County, Florida."

Count III of the Plaintiff's Amended Complaint alleges, in pertinent part, as follows:

1

85. At all times relevant to this action, Defendant STANFORD was acting under the direction and control of Defendant DON HUNTER, as SHERIFF of COLLIER COUNTY, Florida, and was acting pursuant to either official policy or the practice, custom, and usage of Defendant DON HUNTER, as SHERIFF of COLLIER COUNTY, Florida, or pursuant to the lack of the official customs, policies, and practices, of Defendant DON HUNTER as SHERIFF of COLLIER COUNTY, Florida, regarding the requirements of conducting a reasonable investigation to establish probable cause whether a person fits the criteria for involuntary civil commitment, pursuant to the Marchman Act.

86. Prior to Defendant STANFORD's unlawful civil commitment of Plaintiff pursuant to the Marchman Act, it was the widespread and customary policy and practice of the members of Defendant COLLIER COUNTY SHERIFF'S OFFICE, including Defendant Stanford, and others, to not subject persons to so-called field sobriety testing, including but not limited to the alphabet test, finger dexterity drills, horizontal gaze nystagmus, or similar tasks that are safe to perform even on persons who are grossly impaired by alcohol (or drugs), either before or after taking persons into custody pursuant to the Marchman Act, thereby leaving the determination of whether there exits (sic) probable cause that a person fits the criteria for involuntary civil commitment entirely to the subjective opinion, discretion, and whim of the officer, in the absence of any objective criteria or scientific testing whatsoever, including the administration of breath alcohol testing either before or immediately after a person has been taken into custody pursuant to the Marchman Act.

87. Notwithstanding the widespread, regular, and routine use of the Marchman Act by its employees, Defendant DON HUNTER, as SHERIFF of COLLIER COUNTY, Florida, failed to adopt policies, procedures, customs, or controls, and to provide adequate discipline, training, and supervision necessary to prevent the conduct set forth herein, contrary to the Fourth and Fourteenth Amendments, and 42 U.S. C § 1983. Defendant DON HUNTER, as SHERIFF of COLLIER COUNTY,

    Florida, knew or should have known that without necessary policies, procedures, customs, or controls in place and designed to prevent the conduct set forth herein, and without adequate discipline, training, and supervision, that Plaintiff and others similarly situated would suffer the deprivation of their Constitutional rights. If Defendant DON HUNTER, as SHERIFF of COLLIER COUNTY, Florida, had implemented procedures designed to prevent the problems set forth herein, the conduct complained of would have been prevented.

88. Prior to Plaintiff's civil commitment, Defendant Defendant (sic) DON HUNTER, as SHERIFF of COLLIER COUNTY, Florida, knew of the widespread conduct by his deputy sheriffs as set forth herein, and had knowledge of, or had he diligently exercised his duties, should have had knowledge that said wrongs, unless otherwise prevented, would result in additional unconstitutional acts. Defendant DON HUNTER, as SHERIFF of COLLIER COUNTY, Florida, had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly or with deliberate indifference failed or refused to do so.

89. Acting under color of state law, and pursuant to official policy, practice, custom, or usage, Defendant DON HUNTER as SHERIFF of COLLIER COUNTY, Florida, intentionally, knowingly, recklessly or with deliberate indifference to the rights of its residents, failed to correct the matters set forth herein, and thereby approved or ratified an environment wherein officers knew and understood that they would not be held accountable for their unlawful conduct.

Based upon record evidence and the exhibits attached hereto, the undisputed facts establish that the Defendant Sheriff is entitled to summary judgment in his favor as a matter of law for the following reasons:

3

> The Defendant Sheriff is entitled to summary judgment as there is no evidence to support a finding that the Defendant Sheriff had a custom, policy, practice, or procedure that directly caused the Plaintiff's constitutional rights to be violated by the co-Defendants as it would relate to the alleged unlawful civil commitment pursuant to the Marchman Act. Consequently, even if there is a dispute in the material facts that the Plaintiff's constitutional rights were violated by the co-Defendants, the Defendant Sheriff is still entitled to summary judgment as the Plaintiff cannot prove that the Defendant Sheriff's policies directly caused the co-Defendants to violate the Plaintiff's constitutional rights.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Defendant Sheriff's Motion for Summary Judgment (and Memorandum of Law).

FURTHER, and in support of this Motion, the Defendant Sheriff would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

**STATEMENT OF FACTS**

Don Hunter is the Sheriff of Collier County, Florida. At the time the Plaintiff was arrested and incarcerated in the Monroe County Jail, the Sheriff had in existence certain official policies and procedures regarding the civil commitment of persons pursuant to Florida's Marchman Act law. These policies, which track Florida Statute, are constitutional on their face and would not directly cause any alleged constitutional violations through adherence thereto by deputies such as Stanford or Salls. (See Exhibit A.)

Consequently, at this time the record evidence submitted to the Court by the Defendant demonstrates that the Sheriff's policies did not directly cause the Plaintiff's constitutional rights

4

violated as alleged by the Plaintiff in his Complaint. Therefore, even if the Plaintiff's constitutional rights were actually violated by the co-Defendants, as alleged by the Plaintiff, the Sheriff is still entitled to summary judgment.

## **MEMORANDUM OF LAW**

### **ARGUMENT**

The standard of review which must be applied by the Court as contained in Rule 56(c) of the Federal Rules of Civil Procedure reads in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the court held that summary judgment should be entered against:

> [A] party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations and internal quotes omitted.)

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, in this case, the Plaintiff. The plaintiff is then required to come forward with sufficient evidence to rebut

5

the showing with affidavits or other relevant and admissible evidence. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. See Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). See also Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) [Plaintiff must produce specific facts showing that there is a genuine issue for trial.]. The Defendant here has met his burden by producing evidence of the official policies of the Defendant Sheriff that do not authorize or cause constitutional violations to occur as alleged. (See Exhibit A.) The Plaintiff cannot meet his burden--that this Defendant's policies directly caused his constitutional rights to be violated. Furthermore, the Plaintiff can no longer rely upon his mere allegations as contained in his Amended Complaint to defeat this motion. (See Early and Matsushita, supra.)

## 42 U.S.C. §1983

It is clear from the Plaintiff's Amended Complaint that the Defendant Sheriff is being sued in his official capacity as Sheriff. Consequently, it is well settled that the Sheriff, as a government entity, is not liable for the actions of his subordinates or employees in a cause of action brought pursuant to 42 U.S.C. §1983 by operation of the concept of respondeat superior/vicarious liability. Therefore, there must be evidence of a custom, policy, practice or procedure that provided the moving force behind, and the cause of, the alleged constitutional violation. There must be evidence of an affirmative link between the alleged violation and the alleged policy or custom. The Plaintiff must establish a direct causal connection between a custom or policy, once shown to exist in fact,

6

and the alleged constitutional violation. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978) and Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985).

It is important to understand the distinction between a custom, practice or procedure and an official policy. In the case of a formal, official policy that authorizes unconstitutional behavior, a single incident of the unconstitutional behavior by a subordinate of the official policy-making authority is sufficient to bring a Section 1983 cause of action. See e.g. Monell, supra. However, the law is more stringent in its requirement of proof in the typical Section 1983 case where the custom, practice or procedure is not an official promulgated policy and rather is based upon some other theory that is not directly related to the actual unconstitutional act. Generally, in a case where the "policy of the governmental entity" is argued to exist through such an informal custom or practice, a single or isolated incident of a constitutional violation by an employee is insufficient to establish such an informal custom or practice. See City of Oklahoma v. Tuttle, 471 U.S. 808 (1985).

It is undisputed that the Defendant Sheriff Hunter does not have a policy that would authorize the unconstitutional civil commitment of a person pursuant to Florida's Marchman Act Law.. (See Exhibit A.)

In Board of County Comm'rs of Bryan County, Oklahoma v. Jill Brown, 520 U.S. 397, 117 S.Ct. 1382, 1388-89 (1997), the United States Supreme Court indicated:

> As our §1983 municipal liability jurisprudence illustrates, however, it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that,

7

through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the depravation of federal rights.

Where a plaintiff claims that a particular municipal action itself violates federal law or directs an employee to do so, resolving these issues of fault and causation is straight- forward. Section 1983 itself contains no state-of-mind requirement independent of that necessary to state a violation of the underlying right. In any §1983 suit, however, the plaintiff must establish the state-of-mind of the underlying violation. Accordingly, proof that a municipality's legislative body or authorized decision-maker has intentionally deprived the plaintiff of a federally protected right necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action taken or directed by the municipality or its authorized decision-maker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains....

Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to insure that the municipality is not held liable solely for the actions of its employee....

Claims not involving an allegation that the municipal action itself violated the law, or directed or authorized the depravation of federal rights, present much more difficult problems of proof. That a plaintiff has suffered a depravation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably....

Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability. As we recognized in Monell and have repeatedly reaffirmed, Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a depravation of federal rights.

8

(internal quotes and citations to other cases omitted.)

It is undisputed that the Sheriff as final policy-maker has not promulgated an official policy that would authorize or cause the constitutional misconduct as alleged. (See Exhibit A.) To establish the existence of a custom or practice, it is generally necessary to show a persistent and wide-spread practice of the alleged unconstitutional behavior that is argued to amount to the practice or custom of the governmental entity. Moreover, knowledge of such customs must be attributable to the Sheriff in his official capacity as a policy level-making official. Normally, random acts or isolated incidents are insufficient to establish a custom or practice. See Depew v. City of St. Mary, 787 F.2d 1496, 1499 (11th Cir. 1986); see also Brook v. Scheib, 813 F.2d 1191 (11th Cir. 1987); Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991).

The Defendant Sheriff has brought forth evidence of his policies, regarding the civil commitment of persons pursuant to Florida's Marchman Act. (See Exhibit A.) The evidence demonstrates that the Plaintiff's constitutional rights were not violated as a direct result of this Defendant's policies. The undisputed facts presented by this Defendant demonstrate that there is no policy that caused the Plaintiff's constitutional rights to be violated. Consequently, the Plaintiff must provide proof of the existence of an unofficial custom or practice and, even if successful in doing so, must also demonstrate that the unofficial custom or practice actually caused the Plaintiff's constitutional rights to be violated in this case. The Plaintiff will not be able to do so.

As stated, the Sheriff's policy tracks the requirements of Florida Statute regarding the civil commitment of persons pursuant to Florida's Marchman Act, specifically F.S. 397.675 (2002).[1] The Plaintiff was not arrested and rather was civilly committed. It is axiomatic that a criminal investigation with the purpose of gathering evidence of a crime for use by a prosecuting authority is not contemplated by Florida's Marchman Act. In short, the Marchman Act does not require the state to prove a person's guilt beyond a reasonable doubt as there is no intention to punish. Consequently, there is no requirement to gather evidence for that purpose.

Florida Statute 397.675 grants law enforcement officers the authority to involuntarily commit persons who meet the criteria for commitment based upon that officer's good faith belief.[2] In short, such determinations are in essence a judgment call based upon the information known to the officer. However, there is no requirement to gather and preserve evidence of intoxication for use in trial as would be the case in a D.U.I. prosecution, as there is no risk of criminal conviction.

The fact that Florida Statute Chapter 397 does not contemplate the gathering and preservation of evidence as if the decision to Marchman Act an individual is on par with a D.U.I. prosecution is underscored by other provisions of the chapter. Specifically, F.S. 397.6791 authorizes physicians, a spouse or guardian or relative or any responsible adult to seek commitment pursuant to F.S. 397.675 as does F.S. 397.6793. (<u>See also</u> F.S. 397.6798-6799).

---

[1] Plaintiff was taken into custody pursuant to the Marchman Act on November 10, 2002. <u>See</u> Plaintiff's Amended Complaint at paragraph 9.

[2] <u>See</u> F.S. 397.6775; 397.677; and 397.6772(1)(b)(2002).

Furthermore, Chapter 397 provides for involuntary commitment under a number of circumstance which do not involve the gathering of evidence such as road sobriety exercises or breath alcohol tests.  See Chapter 397 (2002) Part V Involuntary Admissions Procedures subsection(s) "C. Noncourt Involved Admissions; Emergency"; "D. Noncourt Involved Admissions; Alternative Involuntary Assessment for Minors"; "E. Court Involved Admissions, Civil Involuntary Proceedings; Generally"; "F. Court Involved Admissions; Involuntary Assessment; Stabilization"; and "G. Court Involved Admissions; Involuntary Treatment."

Even if the Plaintiff should not have been taken into custody pursuant to the Marchman Act, as a result of the deputies failure to comply with the statute, the Sheriff would still be entitled to summary judgment where the Sheriff's policy requires deputies to comply with the statute.

The Defendant Sheriff is entitled to summary judgment in this case, where the Plaintiff cannot carry his burden that this Defendant directly caused his constitutional rights to be violated by the co-Defendants.

## ANY DISPUTE IN THE MATERIAL FACTS REGARDING THE PLAINTIFF'S ALLEGATIONS THAT HIS CONSTITUTIONAL RIGHTS WERE ACTUALLY VIOLATED IS IMMATERIAL

Where the doctrine of respondeat superior is not applicable in a cause of action brought against the Defendant Hunter as Sheriff pursuant to Title 42 U.S.C. §1983, the absence of evidence of the existence of a custom, policy, practice or procedure attributable to the Defendant Hunter as the governmental entity which actually caused a violation of the Plaintiff's constitutional rights entitles this Defendant to summary judgment even if there is a determination that the Plaintiff's

constitutional rights were, in fact, violated by the co-Defendants. In such a situation, any dispute in the facts regarding whether the Plaintiff's constitutional rights were actually violated by the co-Defendants becomes immaterial to the resolution of this Motion for Summary Judgment based upon the Plaintiff's inability to prove the existence of a causational custom, policy, practice, or procedure of the Sheriff as the Plaintiff carries the burden of proof regarding this element of his Section 1983 claim against the Defendant Sheriff. See Celotex, supra.

The Motion should be granted.

**I HEREBY CERTIFY** I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **HUGH L. KOERNER, ESQUIRE,** *Attorney for Plaintiff*, 100 S.E. Sixth Street, Fort Lauderdale, FL 33301 this **17th** day of November, 2006.

   s/Richard A. Giuffreda
RICHARD A. GIUFFREDA - Trial Counsel
Florida Bar No. 705233
PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:    (954) 462-3200
Telecopier:    (954) 462-3861
e-mail:  richard@purdylaw.com
Attorneys for Defendant Sheriff