UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREG W. STAKEY,   CASE NO. 2:05-cv-598-FtM-99DNF

    Plaintiff,

v.

AMY STANFORD, individually,
DANIEL SALLS, individually, and
DON HUNTER, as SHERIFF OF
COLLIER COUNTY, Florida,

    Defendants.
_____/

## AFFIDAVIT OF JIM BLOOM

STATE OF FLORIDA    )
                             SS:
COUNTY OF COLLIER  )

    **BEFORE ME** this day personally appeared **JIM BLOOM** who, upon oath, deposes and states as follows:

    1.    My name is Jim Bloom and I am employed by the Collier County Sheriff's Office as the Chief of the Operations Department. I have been employed by the Collier County Sheriff's Office for thirteen (13) years.

    2.    As the Chief of the Operations Department, I oversee the daily functions of the Road Patrol Division as well as other divisions of the Collier County Sheriff's Office.

    3.    I have personal knowledge of the policies and procedures of the Collier County Sheriff's Office, including the Sheriff's policy which governs civil commitment

1


EXHIBIT A

pursuant to Florida's Marchman Act statute. Attached hereto as Exhibit 1 is an authentic copy of the Sheriff's policy regarding the civil commitment of persons pursuant to Florida's Marchman Act statute which was in effect in November of 2002.

4. That all deputy sheriff's, including but not limited to Amy Stanford and Dan Salls, are required to adhere to the Sheriff's Office policy as it would relate to the implementation of the Marchman Act as well as Florida Statute governing the Marchman Act. Deputy sheriff's are not authorized to unconstitutionally or unlawfully take persons into custody pursuant to Florida's Marchman Act.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JIM BLOOM

STATE OF FLORIDA      )
                      :SS
COUNTY OF COLLIER     )

BEFORE ME, the undersigned authority, this day personally appeared **JIM BLOOM**, who, upon oath, acknowledges and says that he has read the foregoing Affidavit, and that said Affidavit is true and correct to the best of his knowledge and belief, and who is either [personally known] to me or has produced _____ as identification.

WITNESS my hand and seal this __16__ day of __November__, 2006.



_____
Notary Public
Printed Name: Sandra J. Ahlquist
Commission No. DD527395

My Commission expires: April 16, 2010

2

COLLIER COUNTY SHERIFF'S OFFICE

OPERATIONS MANUAL

CHAPTER O-1, SECTION 11

**SECTION TITLE:**   CIVIL SUBSTANCE ABUSE PROCEDURES AND GUIDELINES (MARCHMAN ACT)

**DATE ISSUED:**   5/01/94      **DATE EFFECTIVE:**   7/01/94

**AMENDS/RESCINDS:**   NEW

**APPLICABILITY:**   CERTIFIED LAW ENFORCEMENT DEPUTIES
CERTIFIED JAIL DEPUTIES

**PURPOSE** - The following Directive will provide a synopsis of the Marchman Act of 1993. All affected members of the CCSO are encouraged to become acquainted with all the terms of the Act.

**DISCUSSION** - As of October 1, 1993, the "Comprehensive Alcoholism Prevention, Control, and Treatment Act", commonly known as the Myers Act, Chapter 396, FS has been combined with Chapter 397, FS the "Treatment and Rehabilitation of Drug Dependents Act" to form the "Hal S. Marchman Alcohol and Other Drug Services Act of 1993." The Marchman Act includes provisions relating to substance abuse impairment of adults and juveniles; provides criminal penalties and injunctive relief for its violation; defines criteria for voluntary and involuntary admissions, protective custody, voluntary and involuntary treatment, and involuntary assessment for minors.

1.11.1   CLIENTS RIGHTS:

Section 397.501 of the Act which deals with client rights maintains the former relationship between the Deputy and the client. This section provides that the individual dignity of the client must be respected at all times, including any occasion when the client is admitted, detained, or transported. Substance abuse clients who are not accused of a crime or delinquent act may not be detained in jails, detention centers, or training schools of the State, except for purposes of protective custody. A client may not be deprived of any constitutional right.

1.11.2   INVOLUNTARY ADMISSION:

Part V of the Act, Section 397.675 provides the Deputy with the criteria for involuntary admission, including protective custody, emergency admission, and other involuntary admission tools available to the Deputy if a person meets the criteria for involuntary admission.

A.   If there is a good faith reason to believe the person is impaired and, because of such impairment has lost the power of


EXHIBIT 1

CHAPTER O-1, SECTION 11, PAGE 2                    CCSO OPERATIONS MANUAL

    self-control; and either has inflicted or threatened to inflict physical harm on himself/herself or another; or is in need of substance abuse services and, by reason of substance abuse is incapable of making a rational decision in regard to receiving services, such person may be taken into protective custody.

B.    It is the responsibility of the service provider to determine that the person to be admitted to a licensed service facility meets the admission criteria specified in Section 397.675.

C.    Section 397.675 criteria for involuntary admissions, including protective custody, emergency admission, and other involuntary assessment, involuntary treatment, and alternative involuntary assessment for minors, for purposes of assessment and stabilization, and for involuntary treatment.--A person meets the criteria for involuntary admission if there is good faith reason to believe the person is substance abuse impaired and, because of such impairment:
1.    Has lost the power of self-control with respect to substance use; and either
2.    Has inflicted, or threatened or attempted to inflict, or unless admitted is likely to inflict, physical harm to himself or another; or
3.    Is in need of substance abuse services and, by reason of substance abuse impairment, his/her judgment has been impaired that he/she is incapable of appreciating his/her need for such services and of making a rational decision in regard thereto; however, mere refusal to receive such services does not constitute evidence of lack of judgment with respect to his/her need for such services.

D.    A Law Enforcement Officer is protected by the Act from liability if acting in good faith and may not be held criminally or civilly liable for false imprisonment.

1.11.3  NON-COURT INVOLVED ADMISSIONS OR PROTECTIVE CUSTODY:

    Part V, Section 397.677 of the Act concerns Non-court Involved Admissions, or Protective Custody.

A.    This section provides that Law Enforcement may implement protective custody measures when someone who appears to meet the involuntary admission criteria under Section 397.675 is: (1) brought to the attention of law enforcement; or (2) is in a public place. This differs from the Myers Act which allowed taking a person into protective custody only when in a public place.

B.    Juveniles may no longer be taken to jail or detention if only substance abuse intoxicated or incapacitated. Juveniles may be put in jail only if a crime has been committed. In cases

CCSO OPERATIONS MANUAL                CHAPTER O-1, SECTION 11, PAGE 3

of involuntary, non-court admission of juveniles, parents must be notified. Juveniles may not refuse notification.

C. Adult clients have the right to refuse notification and should be so advised. If an adult does not refuse, the nearest relative must be notified. It is the responsibility of Law Enforcement to notify the nearest relative.

D. Section 397.6771 (**Protective Custody with Consent**) allows a person in circumstances which justify protective custody, as described in Section 397.675, to consent to be assisted to his/her home, to a hospital, or to a licensed detoxification or addictions receiving facility, whichever the Deputy determines is most appropriate.

E. Section 397.6772 (**Protective Custody Without Consent**) provides that the Deputy may, if the subject is incapable of making a rational decision, take the person to jail, to a hospital, or to a licensed detoxification or addiction receiving center, as the situation demands. HRS is responsible for providing a list of such facilities. Detention in the jail is not to be considered an arrest, and no entry or records may be made to indicate that the detention is related to a crime. (Section 397.6772(1)(b)).

F. The Deputy cannot take an impaired juvenile to jail if he/she has not committed a crime.
   1. If the minor is not capable of a rational decision, the Deputy may take the juvenile to a hospital or a licensed detoxification or addictions receiving center.
   2. In all cases concerning a juvenile, Law Enforcement must inform the parents of the location of the juvenile if he/she is not taken home.

G. It shall always be the responsibility of Law Enforcement to notify the nearest relative of an adult as to the subject's location, unless the adult client specifically requests that they not be notified. Subjects should be advised they have the right to refuse notification.

H. The Deputy shall file a report as to any incident and action taken under Chapter 397.

I. A physician's certificate issued pursuant to Section 397.6793, together with the emergency admission application required by Section 397.6791, authorize the involuntary admission of a qualified client. Involuntary admission may be effected by the applicant, a spouse or guardian, a health officer or a Law Enforcement Officer. These same authorized persons may also provide transportation to the facility for emergency assessment.

CHAPTER O-1, SECTION 11, PAGE 4        CCSO OPERATIONS MANUAL

J. In cases of Court-ordered assessment commitment, Law Enforcement may be ordered to provide transportation to the nearest authorized facility.

APPROVED

_____                    _4/15/94_
SHERIFF DON HUNTER                              DATE